

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

MAR 18 2013

JAMES N. HATTEN, Clerk
By: /s/ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| In re Application of: ) <br> ) <br> H.M.G., *a natural person and* ) <br> *citizen of the Republic of Austria*, )    Case No. 1:13-MI-0038 <br> ) <br> Applicant. ) <br> ) | |

**EX PARTE APPLICATION FOR JUDICIAL ASSISTANCE IN
OBTAINING EVIDENCE FOR USE IN A FOREIGN TRIBUNAL**

As provided for by 28 U.S.C. § 1782, Applicant Helga M. Glock ("Ms. Glock") respectfully applies for an order directing Georgia-based Glock, Inc., Glock Professional, Inc., and Consultinvest, Inc. (collectively, "the U.S. Glock Entities"), to produce the documents identified on Appendix A to the attached Proposed Order, *see* Exhibit 1 hereto, for use in court proceedings pending in Austria, including (i) a proceeding to identify and divide marital assets between Ms. Glock and her former husband, Gaston Glock, Sr.; (ii) a proceeding to determine *Unterhaltung*, i.e., the level of monthly support Glock Sr. must pay Ms. Glock, which is based on

1

worldwide income not only received but to which Glock Sr. has rights; and (iii) proceedings to recover Ms. Glock's shares in Glock GmbH and transfers of marital property by Glock Sr. into what she contents were illusory trusts over which he retained rights of revision.

## JURISDICTION

1. This Court can properly exercise subject-matter jurisdiction under 28 U.S.C. § 1331.

2. Venue in this District is proper under 28 U.S.C. § 1391.

## PARTIES

3. Applicant Helga Glock is the former wife of Gaston Glock, Sr., who, through a series of foreign and domestic holding companies and trusts, effectively owns and controls a series of entities and trusts referred to herein as the Glock Group.

4. Glock, Inc., Glock Professional, Inc., and Consultinvest, Inc. (the "U.S. Glock Entities") are corporations incorporated in Georgia, each with a principal place of business in the District at 6000 Highlands Parkway Smyrna, Georgia 30082. (*See* Georgia Secretary

of State website records, true and correct copies of which are attached hereto as Exhibit 2.)

## 28 U.S.C. SECTION 1782(a)

5. Section 1782(a) of Chapter 28 of the United States Code permits a district court to order that discovery be provided to assist in proceedings before foreign tribunals:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement. The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

of State website records, true and correct copies of which are attached hereto as Exhibit 2.)

## 28 U.S.C. SECTION 1782(a)

5. Section 1782(a) of Chapter 28 of the United States Code permits a district court to order that discovery be provided to assist in proceedings before foreign tribunals:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement. The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

> A person may not be compelled to give his testimony or statement or to produce a document or other think in violation of any legally applicable privilege.

## FOREIGN TRIBUNAL

6. Following a decree of divorce and a finding that Glock Sr. was solely at fault for the dissolution of the marriage, Ms. Glock has initiated proceedings in *Bezirksgerichte*, or Courts of First Instance in Austria, concerning, *inter alia*, (a) the division of marital assets (Action No. 5 FAM 35/11 y, initially pending before the *Bezirksgericht Gänserndorf* and transferred to the *Bezirksgericht Villach*); (b) the establishment of Glock Sr.'s income subject to required *Unterhalt*, or support (Action No. 3C 135/11 d, before the *Bezirksgericht Villach*); and (c) the return of shares in Glock GmbH, which at the request of Glock, Sr., and based on inaccurate representations made by him, Ms. Glock transferred into a trust he set up and controlled (Action No. 20C g 180/11 I, before the *Landesgericht Klagenfurt*).

## INTERESTED PARTY

7. As the claimant in the aforementioned proceedings, Ms.

Glock, is an "interested party," within the meaning of 28 U.S.C. § 1782.

## NECESSITY FOR THE REQUESTED ORDER

8. As set out in more detail in Ms. Glock's attached Memorandum of Law, Section 1782 authorizes the Court to grant Ms. Glock's Application, and the facts of this case support the Court's exercise of its discretion.

9. On information and belief, the U.S. Glock Entities have possession, custody, and control over the requested documents.

10. These documents constitute evidence that will be used to support Ms. Glock's claims pending in the specified Austrian court proceedings. *See* Declaration of Dr. Peter Amhof, a true and correct copy of which is attached hereto as Exhibit 3.

11. The requested documents will assist in, *inter alia*, identifying and valuing marital assets to be divided, in estimating Glock Sr.'s worldwide income for purposes of the asset division, and in identifying the manner in which Ms. Glock contends Glock Sr. is able to and has utilized control over the Glock Group to manipulate

5

both his income and marital assets. *See* Declaration of Helga Glock, a true and correct copy of which is attached hereto as Exhibit 4.

12. Further, Glock Sr. has to date refused to provide any information about any marital assets, including international assets, or about sources of income that would be subject to support calculations as part of the Austrian proceedings. Under Austrian procedure there is no mechanism to effectively compel production or to sanction non-production of such information. Consequently, even if Glock Sr. had some of the requested information, it is not available from him.

13. Further, because the U.S. Glock Entities are not parties to these court proceedings, the Austrian courts lack jurisdiction over them and Ms. Glock does not otherwise have judicial access to these documents.

14. Ms. Glock has not requested and does not seek privileged documents, and producing the responsive documents will not be oppressive or unduly burdensome for the U.S. Glock Entities.

15. Rather, Ms. Glock seeks only the production of a limited

number of documents of specific scope.

## RELIEF REQUESTED

WHEREFORE, Ms. Glock respectfully requests that the Court (1) direct the U.S. Glock Entities to produce the documents requested in Appendix A to the Proposed Order at Ex. 1;[1] and (2) for such other and further relief as the Court deems just and proper.

DATED: March 18, 2013.

Respectfully submitted,

ARNALL GOLDEN GREGORY LLP

*Andrew B. Flake*

Andrew B. Flake
Georgia Bar No. 262425
Edward A. Marshall
Georgia Bar No. 471533

171 17th Street NW, Suite 2100
Atlanta, Georgia 30363
Andrew.Flake@agg.com
(404) 873-7026 (phone)
(404) 873-7027 (facsimile)

Attorneys for Applicant Helga Glock

---

[1] Ms. Glock reserves the right to request such other additional documents and deposition testimony as may be needed in the future.